## COLEMAN *v.* NEVIN.

1. A mortgagor of a stock of goods having, with consent of the mortgagee, sold and delivered the stock to a person who bought it with notice of the mortgage and upon the understanding that it was to remain bound until he himself paid off and discharged the mortgage, which he agreed to do; and the mortgage having been duly recorded before this transaction took place, all the stock as it then existed, except as to the articles afterwards sold by the purchaser, remained subject to the mortgage lien for any balance of the mortgage debt left unpaid; and this mortgage would take priority as to this identical property and its proceeds at a judicial sale over a subsequent mortgage executed by the purchaser to his own creditor, but the lien of the latter mortgage on additions made to the stock, and their proceeds, would be unaffected by the existence of the former mortgage.

2. There being an agreement of the parties to sell by the receiver free from the liens of both mortgages, and to contend for the proceeds, and the evidence showing that at the time of the receiver's sale the value of that part of the property sold by him which was covered by the first mortgage was equal to or greater than the value of the other part of the property, and both parcels having been sold together and their proceeds intermixed, the court erred in not awarding at least half of these proceeds to the first mortgage, and in giving the second mortgage, as to the whole amount due upon it, priority over the first.          *Judgment reversed.*

March 26, 1894.   Argued at the last term.

Motion to distribute money.  Before Judge HENRY. Floyd superior court.  March term, 1893.

On February 18, 1891, McGuire borrowed of Mrs. Coleman $575, and to secure its repayment gave her a mortgage on his stock of goods, fixtures, furniture, tools and all property of every kind in his plumbing establishment in Rome, the names of the various articles mortgaged being set forth.  The mortgage was duly recorded.  On July 13, 1891, McGuire sold and delivered to Childs the goods covered by this mortgage, with the consent of Mrs. Coleman; the terms of sale being that Childs should pay the Coleman mortgage (which should follow the stock in his hands), compromise a

junior mortgage in favor of James, and give McGuire
employment at a certain salary. Childs borrowed $300
from Nevin and compromised the James mortgage at
the time of the sale. Mrs. Coleman, on January 2,
1892, foreclosed her mortgage, and execution issued.
Three days later she brought suit against Childs to re-
cover the amount of the debt* due her, and caused gar-
nishments to be issued from which she realized a sum
sufficient to reduce her debt to $380.50 principal. The
garnishees were discharged in the same month. Childs
had become insolvent, and on the petition of sundry
creditors McGuire was appointed receiver for his assets.
As receiver McGuire sold the goods remaining on hand
for $470. He testified that of these goods there was
$550 of the old stock sold by him to Childs, and $810
of the new stock, according to invoices. The new stock
consisted of light goods, and was not very salable; the
old stock was of heavy staple goods, was very salable
and worth more than the new stock. It was admitted
that the property was sold by the receiver freed from
all incumbrances; this fact was announced at the sale,.
and consent thereto was given by the attorney for Mrs.
Coleman and by Childs, it being further announced that
the mortgagees would look to the fund arising from the
sale for payment. Nevin's mortgage, given to him by
Childs, was dated January 22, 1892, and was given to
secure a note for $300, dated November 13, 1891, and due
February 13, 1892. It was foreclosed on April 13, 1892.
It covered all the stock of goods, furniture and per-
sonalty of every kind then in the plumbing establish-
ment, and all stock thereafter purchased. It did not
appear that Nevin knew of the terms of the sale by
McGuire to Childs, but he knew at the time of the trans-
fer that Childs took possession and succeeded McGuire
in the business.

On contest for the fund raised by the receiver's sale,

the case having been submitted to the judge without a jury, he decided that the Coleman execution should be postponed to that of Nevin. Mrs. Coleman excepted.

HENRY WALKER, by J. BRANHAM, for plaintiff in error. FOUCHÉ & FOUCHÉ, contra.